UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEY 2012 FAMILY TRUST,<br><br>    Plaintiff,<br><br>    v.<br><br>VICKI M. GRAM, *et al.*,<br><br>    Defendants. | Case No. 1:22-cv-001111-EPG<br><br>ORDER DIRECTING DEFENDANT VICKI GRAM TO FILE PROOF OF WRITTEN NOTICE OF REMOVAL<br><br>(ECF No. 1). |

  On September 1, 2022, Defendant Vicki Gram, proceeding *pro se*, filed a notice of removal of an unlawful detainer action from the Sacramento County Superior Court. (ECF No. 1). Upon review, the Court will direct Defendant to file proof of written notice of removal on the Plaintiff and proof that a copy of the notice was filed with the state court clerk.

  The attached state documents reflect that a complaint for unlawful detainer was filed against Vicki Gram and Does 1-10 for unlawful detainer of premises in Gold River, California, which is located in the County of Sacramento, for an amount not exceeding $10,000. (*Id.* at 7). Counsel for the Plaintiff is identified as Laurie Li, with a firm address listed in Concord, California. (*Id.*).

  Under 28 U.S.C. § 1446, a defendant may remove an action from state to federal court if various requirements are met. At this stage, the Court focuses on one requirement that appears to have not yet been met:

1

> Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.

28 U.S.C.A. § 1446(d).

Here, there is no indication from the notice of removal or the docket that Defendant has given written notice of removal to the adverse party (*i.e.*, the Plaintiff) or has filed a copy of the notice with the state court clerk. Defendant is advised that "Section 1446(d) does not require 'formal' or 'personal service of a notice of removal upon a plaintiff; it merely requires 'written notice.'" *Runaj v. Wells Fargo Bank*, 667 F. Supp. 2d 1199, 1202 (S.D. Cal. 2009). Courts have found written notice under this provision may be achieved my mail. *Id.*; *see* Fed. R. Civ. P. 5(b)(1)(a), (2)(C) (noting that service of filings must be made on an attorney if the party is represented and mailing of the document is one means to achieve service).

Additionally, the Court notes that Defendant has a pending application to proceed *in forma pauperis*. (ECF No. 2). However, the Court does not believe it prudent to address the application at this time. Notably, there may be issues raised after Plaintiff receives notice of the removal regarding the Court's jurisdiction, which may inform the ruling on the application. *See Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998), *as amended* (Sept. 9, 1998) (noting that a court may deny leave to proceed *in forma pauperis* if it appears from the face of the proposed complaint that the action is frivolous); *McGee v. Dep't of Child Support Servs.*, 584 F. App'x 638 (9th Cir. 2014) (unpublished) (concluding that a court did not abuse its discretion in denying leave to proceed *in forma pauperis* where it lacked subject matter jurisdiction over the case).

Accordingly, IT IS ORDERED as follows:

By no later September 16, 2022, Defendant shall submit proof that written notice of removal was provided to Plaintiff and that a copy of the written notice was filed with the state court clerk.

IT IS SO ORDERED.

Dated:   **September 6, 2022**          /s/ Erica P. Grosjean
                                        UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28