1
2
3
4
5
6
7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   ASHLEY 2012 FAMILY TRUST,                    Case No. 1:22-cv-01111-EPG

12            Plaintiff,                           ORDER TO ASSIGN DISTRICT JUDGE

13       v.                                        FINDINGS AND RECOMMENDATIONS TO
                                                   REMAND THIS CASE TO STATE COURT
14   VICKI M. GRAM, *et al.*,                      FOR FAILURE TO FILE PROOF OF
                                                   REMOVAL AND FOR LACK OF SUBJECT-
15                                                 MATTER JURISDICTION, AND TO DENY
                                                   AS MOOT DEFENDANT'S APPLICATION
16            Defendants.                          TO PROCEED *IN FORMA PAUPERIS*

17

18                                                 (ECF Nos. 1, 2).

19                                                 OBJECTIONS, IF ANY, DUE WITHIN 14
                                                   DAYS
20

21

22       On September 1, 2022, Defendant Vicki Gram, proceeding *pro se*, filed a notice of

23   removal of an unlawful detainer action from the Sacramento County Superior Court. (ECF No. 1).

24   Upon initial review, the Court directed Defendant to file proof of written notice of removal on the

25   Plaintiff and proof that a copy of the notice was filed with the state court clerk. (ECF No. 4).

26   Additionally, the Court declined to address Defendant's application to proceed *in forma pauperis*,

27   noting potential issues regarding the Court's jurisdiction that might be raised after Plaintiff

28   received notice of the removal.

                                              1

To date, Defendant has filed no proof regarding the notice of removal on the Plaintiff or state court clerk, and the time to do so has expired. Moreover, a *sua sponte* review of the available record provides no basis to conclude that this Court has subject-matter jurisdiction over the unlawful detainer action. Accordingly, this Court will recommend that this case be remanded to state court based on Defendant's failure to file proof of removal and for lack of subject-matter jurisdiction. Further, the Court will recommend that Defendant's *in forma pauperis* application be denied as moot.

## I.      BACKGROUND

The documents attached to Defendant's notice of removal reflect that a complaint for unlawful detainer was filed against Defendant and Does 1- 10 for unlawful detainer of premises in Gold River, California, which is located in the County of Sacramento, for an amount not exceeding $10,000. (*Id.* at 7). Counsel for the Plaintiff is identified as Laurie Li, with a firm address listed in Concord, California. (*Id.*).

The notice of removal states that "[f]ederal question exists because Defendant's Answer, a pleading depend on the determination of Defendant's rights and Plaintiff's duties under federal law." (*Id.* at 2).

## II.     FAILURE TO FILE PROOF OF NOTICE OF REMOVAL

Under 28 U.S.C. § 1446, a defendant may remove an action from state to federal court if various requirements are met. Among them is the following requirement:

> Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.

28 U.S.C. § 1446(d).

Because there was no indication from the notice of removal or the docket that Defendant had given written notice of removal to the adverse party (*i.e.*, the Plaintiff) or had filed a copy of the notice with the state court clerk, the Court's September 6, 2022 order directed Defendant to file proof of compliance with § 1446(d) by no later than September 16, 2022. (ECF No. 4).

After this order was returned as undeliverable on September 21, 2022, due to the Clerk's Office using an incorrect address, the order was remailed on September 22, 2022. (*See* September 21-22, 2022 docket entries). The Court has waited approximately one month since the remailing,

2

1  and the order has not been returned as undeliverable, nor has Defendant filed anything since this
2  case was initiated on September 1, 2022.

3  There are differing views on when the notice of removal becomes effective—*i.e.*, once it
4  is simply filed, or only after the plaintiff and the state court have also received notice. *Gutierrez v.*
5  *Empire Mortg. Corp.*, No. CVF10-0079 AWI GSA, 2010 WL 1644714, at *2 (E.D. Cal. Apr. 21,
6  2010). *Gutierrez*, a case within this District, ultimately adopted the view that "[w]hen a defendant
7  files a notice of removal in federal court and sometime later files the notice in state court, the two
8  courts share concurrent jurisdiction until the notice is filed in state court, which divests the state
9  court of jurisdiction." *Id.* at 2 (internal citations omitted).

10  Under this line of authority, the Court concludes that it currently shares concurrent
11  jurisdiction over this matter with the state court. However, Defendant's failure to submit proof of
12  providing the notice to Plaintiff and the state court has prevented the divesture of state court
13  jurisdiction. And when a defendant unduly delays giving such notice, the Court may order the
14  case to be remanded. *Jaschke v. Jose*, No. 2:13-CV-02364-KJM, 2014 WL 437956, at *3 (E.D.
   Cal. Feb. 4, 2014).

15  
16  What constitutes undue delay depends on the circumstances of each case. In
   determining whether delay was undue, courts may look at the following factors:
17  (1) whether there were compelling reasons for the delayed notice; (2) whether the
   plaintiff was prejudiced because of the delay; and (3) whether the defendant
18  exerted good faith effort to provide notice.

*Id.* (internal citations omitted).

19  Here, all these factors weigh in favor of finding undue delay. Defendant has not responded
20  to the Court's order to provide notice and has thus provided no reason, let alone a compelling
21  reason, for the failure to do so. Plaintiff is prejudiced by Defendant's continued failure to notify it
22  of the removal, as such notice stalls the case from proceeding. And there is no indication that
23  Defendant has exerted any effort, let alone good faith effort, to provide the notice. Accordingly,
24  the Court will recommend that this matter be remanded to state court.

25  **III.    SUBJECT-MATTER JURISDICTION**

26  A court may address the issue of subject-matter jurisdiction *sua sponte*. *See Emrich v.*
27  *Touche Ross & Co.*, 846 F.2d 1190, 1194 n. 2 (9th Cir. 1988) ("It is elementary that the subject
28  matter jurisdiction of the district court is not a waivable matter and may be raised at anytime by

one of the parties, by motion or in the responsive pleadings, or *sua sponte* by the trial or reviewing court."). This is because "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "Article III, § 2, of the Constitution delineates [t]he character of the controversies over which federal judicial authority may extend. And lower federal-court jurisdiction is further limited to those subjects encompassed within a statutory grant of jurisdiction. Accordingly, the district courts may not exercise jurisdiction absent a statutory basis." *Home Depot U. S. A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019) (alteration in original) (citations and internal quotation marks omitted).

Here, Defendant asserts that this Court has federal-question jurisdiction. (ECF No. 1, p. 2). While a defendant may remove an action on this basis, the defendant has the burden of establishing jurisdiction, and there is a strong presumption against removal jurisdiction. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). Although Defendant asserts that federal-question jurisdiction exists, Defendant offers no explanation why such jurisdiction is proper. Moreover, federal courts in this District have concluded that there is generally no federal-question jurisdiction over California unlawful detainer proceedings. *See Bank of New York Mellon v. Dominguez*, No. CV F 11-2026 LJO DLB, 2011 WL 6217381, at *1 (E.D. Cal. Dec. 14, 2011) ("This Court lacks subject matter jurisdiction over the unlawful detainer action to warrant remand to the Kern County Superior Court."); *Fed. Home Loan Mortg. Corp. v. Herrera*, No. CV F 12-0403 LJO MJS, 2012 WL 948412, at *1 (E.D. Cal. Mar. 20, 2012) (noting that unlawful detainer actions are strictly the province of the state court and remanding the case to the Stanislaus County Superior Court). Accordingly, the Court will recommend that this matter be remanded to state court.

Lastly, given the recommendation to remand this case, the Court will further recommend that Plaintiff's application to proceed *in forma pauperis* be denied as moot. *See McGee v. Dep't of Child Support Servs.*, 584 F. App'x 638 (9th Cir. 2014) (unpublished) (concluding that a court did not abuse its discretion in denying leave to proceed *in forma pauperis* where it lacked subject matter jurisdiction over the case).

\\\

\\\

4

**IV.    ORDER AND RECOMMENDATIONS**

Based on the foregoing, IT IS ORDERED that the Clerk of Court shall assign a district judge to this case.

Further, IT IS RECOMMENDED as follows:

1. This matter be remanded to the Sacramento County Superior Court because of Plaintiff's failure to file proof of removal and for lack of subject-matter jurisdiction.

2. The Clerk of Court take necessary action to remand this case to the Sacramento County Superior Court and to close the case.

3. That Defendant's application to proceed *in forma pauperis* (ECF No. 2) be denied as moot.

These Findings and Recommendations will be submitted to the United States District Court Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1). Within fourteen (14) days after being served with a copy of these Findings and Recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   __October 28, 2022__          /s/ *Erica P. Grosjean*
                                          UNITED STATES MAGISTRATE JUDGE